## CLEMENT v. DOWLING.

(Circuit Court, S. D. New York. May 13, 1909.)

PLEADING (§ 59*)—SUFFICIENCY OF ALLEGATIONS —PERFORMANCE OF CONDITIONS PRECEDENT.

Under Code Civ. Proc. N. Y. § 533, a general allegation of performance of conditions precedent is sufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 124, 125; Dec. Dig. § 59.*]

---

On Demurrer to Amended Counterclaim.

Townsend, Avery & Button, for plaintiff.
Bowers & Sands, for defendant.

NOYES, Circuit Judge. The demurrer to the original counterclaim was apparently sustained upon the ground that it admitted that the defendant was bound to do certain things to bring about the execution of the contract between the two corporations and failed to allege performance. This result was reached by treating the allegations of the complaint not denied in the counterclaim as admitted, although denied in the answer prior thereto. After the sustaining of the demurrer the defendant filed an amended counterclaim, adding the following averment of performance:

"That this defendant has duly performed all and every the conditions and things on his part in that behalf to be performed."

The plaintiff now demurs to the amended counterclaim upon the ground that it, too, fails to state a cause of action. In presenting the case upon this demurrer the questions necessarily determined upon the first demurrer are reargued by the parties. The orderly administration of justice, however, requires that, when one judge has passed upon the sufficiency of the pleadings in a case, his ruling should, except under extraordinary circumstances, be followed by other judges hearing other phases of the case; and resolving, as I should, every doubt in favor of the previous ruling in this case, I am unwilling to take action inconsistent therewith. If an error has been committed it can be corrected by the appellate court.

It will be accepted, therefore, as established that the counterclaim without the paragraph added by amendment fails to state a cause of action, because it fails to allege performance of those things which the defendant, by failing to deny the allegations of the complaint, admitted that he was bound to perform. The question, then, is whether the new paragraph sufficiently avers performance. In my opinion it does. It uses the broadest possible language, and should, I think, be construed as alleging performance of all the conditions precedent required to be performed by the defendant, both by the express allegations of the counterclaim and by any averments brought into it by reference, admission, or otherwise. Section 533 of the New York Code of Civil Procedure permits the general allegation of the performance of conditions precedent; and it would be rather hard to read conditions precedent into a counterclaim by the failure to deny them, and then construe broad allegations of performance as not applying to them.

In case this demurrer should be sustained, and the defendant be permitted to again amend, he could meet the objection now under consideration by specifically alleging performance of the conditions precedent in question; and, as the demurrer will be overruled upon the distinct ground that the present averments are to that effect, the situation of the parties upon the trial would not be changed by such action.

The demurrer is overruled, with costs; but the plaintiff, upon payment of such costs, may plead over within 20 days.